IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

TONY L. SMITH,

    Plaintiff,

vs.

HILL-KELLY DODGE, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TONY L. SMITH, sues Defendant HILL-KELLY DODGE, INC., and shows:

### Introduction

1. This is an action by TONY L. SMITH against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Northern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, TONY L. SMITH, (hereinafter "SMITH") a resident of Escambia County, was at all times material, employed by HILL-KELLY DODGE, INC., as an automobile detailer, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with HILL-KELLY DODGE, INC., was engaged in commerce or in the

production of goods for commerce. To wit: SMITH regularly and consistently handled and worked with goods and materials such as tools, machines and car cleaning products that traveled in interstate commerce.

5.      Defendant, HILL-KELLY DODGE, INC., (hereinafter, "HILL-KELLY DODGE"), is a Florida Corporation doing business in Escambia County, Florida, which owns and operates the Hill-Kelly Dodge automobile dealership, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, at the location where in the dealership where SMITH was employed.

**Count I – Violation of FLSA by Defendant HILL-KELLY DODGE – Overtime**

6.      Plaintiff, TONY L. SMITH, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7.      Since on or August 2021 through on or about November 2021, Defendant HILL-KELLY DODGE has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically SMITH, since August 2021, worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

8. The failure to pay overtime compensation to SMITH is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), because he was paid at an hourly rate.

9. HILL-KELLY DODGE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and SMITH's status as non-exempt, but chose not to pay him in accordance with the Act.

10. SMITH is entitled pursuant to 29 U.S.C. § 216(b), to recover from HILL-KELLY DODGE:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, TONY L. SMITH, prays that this court will grant judgment against defendant HILL-KELLY DODGE:

    a. awarding SMITH payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding SMITH an additional equal amount as liquidated damages;

    c. awarding SMITH his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: April 4, 2022
Plantation, Florida

                                        Respectfully submitted,

                                        ***/s/Robert S. Norell, P.A.***
                                        Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                        E-Mail: rob@floridawagelaw.com
                                        **ROBERT S. NORELL, P.A.**
                                        300 NW 70th Avenue
                                        Suite 305
                                        Plantation, FL 33317
                                        Telephone: (954) 617-6017
                                        Facsimile: (954) 617-6018
                                        *Counsel for TONY L. SMITH*